**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ROBERT C., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | 2:22-cv-01617-VCF <br><br> **<u>Order</u>** <br><br> MOTION FOR REVERSAL OR REMAND [ECF NO. 12]; CROSS-MOTION TO AFFIRM [ECF NO. 14] |

This matter involves Plaintiff Robert C.'s request for a remand of the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Robert C. filed a motion for reversal or remand and a reply. ECF Nos. 12, 16. The Commissioner filed a cross-motion to affirm and a response. ECF Nos. 14, 15. For the reasons stated below, I grant Plaintiff's motion to remand and deny the Commissioner's cross-motion.

**I.    Background**

Robert C. filed an application for a period of disability and disability insurance benefits on July 9, 2020, alleging disability commencing July 1, 2016. ECF No. 1 at 2. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded Robert C. had not engaged in substantial gainful activity since the alleged onset date

of July 1, 2016, through December 31, 2018. AR[1] at 28. The ALJ found Robert C. suffered from severe impairments consisting of human immunodeficiency virus (HIV)/ acquired immunodeficiency syndrome (AIDS); peripheral neuropathy; carpal tunnel syndrome (CTS); and cognitive impairment. *Id*. The ALJ decided Robert C.'s impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 29. The ALJ determined Robert C. had a moderate limitation in understanding, remembering, or applying information. *Id.* at 30. The ALJ determined Robert C. had a mild limitation in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* The ALJ found the severity of the claimant's mental impairment did not meet or medically equal the criteria of listing 12.02. *Id.* The ALJ determined Robert C.'s residual functional capacity (RFC). The ALJ accessed Robert C. as retaining the residual functional capacity to perform the demands of sedentary work, as defined in 20 C.F.R. § 404.1567(a), except:

> "he [is] not able to stand and/or walk for more than 30 minutes at one time; he is able to occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl but never climb ladders, ropes or scaffolds; he is able to occasionally operate foot controls with his bilateral lower extremities; he is able to frequently handle, finger and operate hand controls with his bilateral upper extremities; he must avoid exposure to work at unprotected heights and more than occasional exposure to moving mechanical parts, humidity, wetness, extreme heat, extreme cold, vibration and no more than occasional concentrated exposure to dust, odors, fumes and other pulmonary irritants; he is able to occasionally operate a motor vehicle; he is able to understand, remember and carry out tasks that can be learned and mastered in three to six months and his time off task can be accommodated by normal breaks." AR 31.

---

[1] The Administrative Record ("AR") is found at ECF No. 9-1.

The ALJ concluded Robert C. was able to generally perform past relevant work as a travel clerk that would not require work-related activities beyond Robert C.'s residual functional capacity. *Id*. at 37. The ALJ based this finding on the vocational expert's testimony stating if "an individual had the claimant's residual functional capacity, such an individual could perform the claimant's past relevant work as a travel clerk." *Id.* The ALJ concluded that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles (DOT). *Id.* The vocational expert used his professional experience to testify on limitations not specifically addressed by the DOT, including time off task, absenteeism, hand controls, foot controls, types of climbing, and the duration of walking. *Id.* Overall, the ALJ concluded Robert C. was not under a disability, as defined in the Social Security Act, from July 1, 2016, the alleged onset date, through December 31, 2018. *Id*. at 38.

Robert C. challenges the ALJ's conclusions on two grounds: 1) the ALJ failed to include a sitting limitation to six hours in an eight-hour workday, and 2) the portion of the ALJ's finding of residual functional capacity stating Robert C. can understand, remember and carry out tasks that can be learned in three to six months lacks the support of substantial evidence and rests on legal error. ECF No. 12 at 5, 11. As I grant Robert C.'s motion to remand, I do not consider the first issue.

Robert C. argues the ALJ's RFC lacks the support of substantial evidence and rests on legal error because the ALJ created her own medical opinion when determining Robert C.'s functional limits caused by his severe cognitive impairment. *Id*. at 11. Robert C. also argues the ALJ erred by not fully developing the record by ordering a consultative examination, calling a medical expert to testify at the hearing, or remanding the matter back to the State agency to make a new determination based on the subsequent medical evidence. *Id.* at 12-13. Robert C. contends because the RFC is not based upon objective findings, I should reverse and remand the case. *Id.* at 14.

The Commissioner argues that the ALJ's decision is supported by substantial evidence. ECF No. 14 at 1. The Commissioner argues the ALJ accommodated Robert C.'s cognitive impairment with a

3

1  restriction that he could learn and master tasks within three months as the ALJ's assessment was based
2  upon Robert C.'s mental status examinations. *Id*. at 8. The Commissioner also argues it is Robert C.'s
3  burden to prove he could not perform past relevant work. *Id.* at 7.

4      **II.**    **Discussion**

5          **a. Legal Standard**

6      The Fifth Amendment prohibits the government from depriving persons of property without due
7  process of law. U.S. Const. amend. V. Social security claimants have a constitutionally protected property
8  interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914
9  F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision
10 denying a claimant's benefits, the Social Security Act authorizes the District Court to review the
11 Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to
12 refer matters to a U.S. Magistrate Judge).

13     "On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial
14 evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The
15 substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing
16 up close." *Id*. at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see
17 also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential
18 standard of review"). The substantial evidence standard is even less demanding than the "clearly
19 erroneous" standard that governs appellate review of district court fact-finding—itself a deferential
20 standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than
21 one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d
22 676, 679 (9th Cir. 2005).

23     The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th
24 Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their
25

discretion for that of the agency"). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. See *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**b. Analysis**

**i. The ALJ's RFC is not supported by substantial evidence.**

When determining the claimant's capacity for work, the ALJ must assess all evidence including the claimant's statements, others' descriptions of the limitations, and medical reports. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Even though it is the ALJ's responsibility to determine the RFC, (20 C.F.R. § 1546(c)), the ALJ is still responsible for setting out "in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

It is the ALJ's "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). If the record contains ambiguous evidence or the ALJ finds the record is inadequate to allow for proper evaluation of the evidence, an ALJ must develop the record further. *Tonapetyan*, 242 F.3d 1144 at 1150. This can be accomplished by "subpoenaing the claimant's physicians,

submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.*

An ALJ's RFC must be supported by a medical opinion. E.g., *Gregory J. v. Kijakazi*, No. EDCV 21-00514, 2022 U.S. Dist. LEXIS 76442, at *9 (E.D. Cal. Sep. 18, 2020) (quoting *Aliza W. v. Saul*, 2021 U.S. Dist. LEXIS 141050, 2021 WL 3190902, at *4 (C.D. Cal. Jul. 28, 2021)). "It is well settled law that an ALJ may not render her own medical opinion and is not empowered to independently assess clinical findings." *Goolsby v. Berryhill*, 2017 U.S. Dist. LEXIS 41660, 2017 WL 1090162, at *8 (E.D. Cal. Mar. 22, 2017); see also *Gutierrez v. Kijakazi*, No. 2:21-cv-01292-DJA, 2022 U.S. Dist. LEXIS 66403, at 9 (D. Nev. Apr. 8, 2022) ("Generally, a lay person is not qualified to interpret raw medical data to determine a claimant's RFC unless the impairments are so mild that they pose no significant functional limitations."); *Miller v. Astrue*, 695 F. Supp 2d 1042, 1048 (C.D. Cal. 2010) (The ALJ is "simply not qualified to interpret raw medical data in functional terms"). Therefore, an ALJ "must not succumb to the temptation to play doctor and make [her] own independent medical findings." *Betten v. Saul*, No. 2:18-cv-0536, 2019 U.S. Dist. LEXIS 141730, at *2 (D. Nev. Aug. 20, 2019) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999)).

I find the ALJ's RFC is not supported by substantial evidence. While the ALJ summarized medical evidence, it is not entirely clear how the ALJ then translated that evidence into an RFC without a medical opinion. State Agency physicians Gurpreet Chahal, MD and Tibor Toplensky, MD each conducted disability determinations for Robert C. based on their review of the medical evidence and neither of the determinations contain any medical opinions regarding Robert C.'s cognitive limitations. *Id.* at 88 - 105. The ALJ based her finding of Robert C.'s ability to understand, remember, and carry out tasks that can be learned and mastered in three to six months upon Robert C.'s testimony, treatment notes, and Montreal Cognitive Assessment test results. AR 36. As the record reveals no opinion from any medical source regarding Robert C.'s cognitive limitations, the ALJ instead interpreted medical data.

Pursuant to *Gutierrez*, an ALJ (who is a lay person) may not interpret medical data unless the impairments are so mild that they pose no significant functional limitations. Here, the ALJ found Robert C. suffered from a severe cognitive impairment. AR 28. As Robert C. suffers from a severe cognitive impairment, the ALJ is not permitted to interpret medical data to determine Robert C.'s RFC. As the ALJ must have a medical opinion to support findings in her RFC, the determination that Robert C. could understand, remember, and carry out tasks that can be learned and mastered in three to six months lacks the support of substantial evidence. ECF No. 12 at 11.

The Commissioner cites to *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022), where the Ninth Circuit recognized when "evaluating the weight given to a non-examining, non-treating doctor's opinion… an ALJ 'may reject the opinion of a non-examining physician by reference to specific evidence in the medical record" because "[i]nherent in this standard is a presumption that ALJs are at some level, capable of independently reviewing and forming conclusions. 53 F.4th 485, 488. However, unlike *Farlow*, in this case the ALJ is not rejecting a medical opinion considering specific evidence but rather creating her own medical opinion. This case is more like *Goolsby*, where the court held an ALJ's RFC lacks the support of substantial evidence, because the ALJ created their own opinion about the claimant's mental ability and no opinion existed in the record regarding the claimant's mental abilities.

**III.   Remand**

As the record reveals no opinion from any medical source regarding Robert C.'s cognitive limitations, the ALJ erred when considering the record sufficiently complete, and instead interpreted raw medical data. I find that the ALJ's RFC is not supported by substantial evidence. Since I remand this case based on the issue of the RFC not being supported by substantial evidence, I do not reach whether the ALJ failed to include a sitting limitation to six hours in an eight-hour workday. I remand this case to obtain further functional evidence of Robert C.'s limitations imposed by his cognitive impairment.

Accordingly,

I order that plaintiff Robert C.'s motion for reversal or remand (ECF No. 12) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 14) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of the plaintiff.

DATED this 8th day of September 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE